

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Palmer v. Harrisburg

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Palmer v. Harrisburg" (2008). *2008 Decisions.* Paper 1322.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1322

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-179                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4535
_____

SHAUN C. PALMER,
                                                    Appellant,
                              v.

CITY OF HARRISBURG, PA; LEVELL JENKINS;
MICHAEL A. CONSIGLIO; CASEY SHORE,
individually and in their official capacities

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01973)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on Appellees' Joint Motion For Summary Action and for
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 10, 2008

Before:  AMBRO, FUENTES AND JORDAN, Circuit Judges

(Opinion filed:  April 25, 2008)

_____

OPINION

_____

PER CURIAM

        Appellant Shaun C. Palmer, a state prisoner, filed a civil rights action pro se on

September 6, 2006 in the Dauphin County Court of Common Pleas against the City of

Harrisburg and Officer Levell Jenkins, and Michael Consiglio and Casey Shore of the Dauphin County District Attorney's Office, alleging a violation of his constitutional rights in connection with the search and seizure of his vehicle. He also included common law causes of action in his complaint for defamation, trespass, conversion, and intentional infliction of emotional distress. Palmer sought money damages. The case was removed by the defendants to United States District Court for the Middle District of Pennsylvania by notice pursuant to 28 U.S.C. § 1441(c).

The circumstances giving rise to the complaint are not disputed. On March 13, 2002, Officer Jenkins and others executed a search warrant, which authorized the search of 1931 Forster Street in Harrisburg, Pennsylvania, Wendy Harris, and all occupants in the residence at the time of execution of the warrant.[1] Palmer was unclothed and in bed with Ms. Harris when the officers arrived very early in the morning. One of the officers conducting the search retrieved Palmer's pants, searched the pockets, and discovered cash and approximately 20 grams of crack cocaine in Ziploc baggies. Palmer was arrested and charged with possession with intent to deliver a controlled substance, and possession of drug paraphernalia.[2]

---

[1] It was alleged that Ms. Harris was selling crack cocaine from this residence.

[2] Palmer was convicted following a jury trial, and sentenced on June 12, 2003 to a term of imprisonment of five to ten years. The judgment of sentence was affirmed by the Superior Court.

2

Palmer's vehicle was parked on the street adjacent to the premises searched. Officer Jenkins requested Palmer's consent to search the vehicle. Palmer refused. The officers then had the vehicle towed to Don's Towing Company pending issuance of a search warrant. On that same day, Officer Jenkins applied for a warrant to search the vehicle on the ground that Palmer had a prior conviction for a controlled substance offense, and was suspected of using the vehicle to store additional drugs and cash beyond that discovered in his clothing. The warrant was authorized by a District Justice, the vehicle was impounded and searched, and nothing further was discovered. Information regarding the seizure of Palmer's vehicle was, however, published in The Patriot-News (giving rise to his cause of action for defamation).

Soon after the seizure of his vehicle, Palmer began dealing with the Dauphin County District Attorney's Office in order to regain possession of it. On or about June 12, 2003, the District Attorney's Office defendants began offering to return the vehicle in consideration of a payment from Palmer of $1000.00. Palmer refused. On July 3, 2002, the District Attorney's Office commenced a civil forfeiture action, No. 3001 CV 2002. On November 25, 2003, Palmer's mother, Joyce Palmer, made the $1000.00 payment in return for the vehicle, and the District Attorney's Office then discontinued the forfeiture action. Nevertheless, Palmer filed a motion for return of property in the Dauphin County Court of Common Pleas on September 2, 2004 at No. 1508 CR 2002, seeking a refund of the $1000.00 payment. Following a hearing, the Honorable John Cherry ruled that the

action had been settled by the payment and return of the vehicle.

In the instant civil rights action, Palmer contended that Officer Jenkins violated his Fourth Amendment rights by towing his vehicle without a warrant and without probable cause. Moreover, the search warrant applicable to the vehicle was unconstitutional and invalid. He contended that he was entitled to, and deprived of, a full judicial hearing prior to the search and seizure of his vehicle, and the failure to provide such a hearing violated his Fourteenth Amendment right to procedural due process. Palmer further contended that the District Attorney's Office failed to follow the correct procedures for civil forfeitures under the Controlled Substances Forfeiture Act, 42 Pa. Cons. Stat. Ann. § 6801, and the Vehicle Act, 35 Pa. Cons. Stat. Ann. § 831.2, and improperly retained his vehicle for twenty months.

The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b), contending, among other things, that all claims were barred by the applicable statutes of limitation, the City of Harrisburg could not be held liable in an action for damages under 42 U.S.C. § 1983 on the basis of respondeat superior, Palmer had no legally cognizable right to a hearing prior to the towing of his vehicle, which occurred pursuant to a facially valid warrant issued by a neutral district magistrate, and the action was barred by the doctrine of accord and satisfaction. Palmer opposed these motions, conceding that his action was time-barred but contending that he did not "discover" his injury until after he had regained possession of his vehicle, and researched

the law and discovered that his vehicle had been improperly seized. This occurred no later than September 2, 2004, the date when he filed his motion for return of property. Palmer also filed a motion to amend his civil rights complaint.

In an order entered on November 8, 2007, the District Court granted the motions to dismiss, denied Palmer's motion to amend his complaint, and dismissed the complaint. The court concluded that the federal civil rights causes of action and the common law causes of action for trespass, conversion, and intentional infliction of emotional distress were time-barred. See Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003) (claims brought under section 1983 are subject to two-year state statutes of limitations governing personal injury actions); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (same). All of the claims against Officer Jenkins arose between March 13, 2002, when Palmer's vehicle was seized, and April 30, 2002, the date of his preliminary hearing.[3] The applicable statute of limitations was two years, and thus the September 6, 2006 filing was not timely as to him. Palmer's claims against Deputy District Attorneys Consiglio and Shore arose between March 13, 2002 and November 25, 2003, the date the vehicle was returned and the civil forfeiture action was discontinued. Again, the applicable statute of limitations was two years, and thus the September 6, 2006 filing was not timely as to them. Palmer's common law cause of action for defamation was barred by the applicable one-year statute of limitations.

---

[3] The date the vehicle actually was searched is not disclosed by the record, but it was undisputed that it was searched prior to Palmer's preliminary hearing.

5

Furthermore, Palmer was not entitled to rely on the discovery rule. The discovery rule was adopted by Pennsylvania courts in recognition of the fact that some injuries are not immediately apparent. See Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005). The discovery rule applies in cases where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence. Id. In that case, the statute of limitations does not begin to run until the person "discovers" the injury. Id. at 859. However, the standard of reasonable diligence is an objective one and turns on the nature of the injury and whether it is latent, and does not turn on "any specific characteristics unique to the plaintiff that might otherwise prevent [him] from recognizing his injury as a cause of action. See Lake v. Arnold, 232 F.3d 360, 367 (3d Cir. 2000). Thus, the fact that Palmer did not know that he might have a valid cause of action was not relevant.[4] The alleged injuries and the causes thereof were immediately ascertainable. Thus, the discovery rule did not apply in Palmer's case.

Finally, the action could not be maintained against the City of Harrisburg because Palmer had not identified a policy, custom, or practice by the City that led to a violation of his civil rights, Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 (1978) (Congress did not intend for municipality to be held liable under section 1983 solely because it employs a tortfeasor), and there was no basis for granting him leave to

---

[4] We observed in Miller v. Philadelphia Geriatric Center, 463 F.3d 266 (3d Cir. 2006), that this objective test is, however, sufficiently flexible to take into account defects in a plaintiff's mental capacity. Id. at 276 (citing Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005)).

amend his complaint because an amendment would not cure the timeliness deficiency.

Palmer appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In addition, the appellees have submitted a joint motion for summary action, Third Circuit LAR 27.4 and I.O.P. 10.6, which Palmer has opposed in writing.

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction under 28 U.S.C. § 1291. "[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). The court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, such as when a document is integral to or explicitly relied upon in the complaint. In re Rockefeller Center Properties, Inc. Securities Litig., 184 F.3d 280, 287 (3d Cir. 1999). A court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to

dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In this case, those exhibits properly considered (all of which were attached to the complaint) included the affidavit of probable cause and search warrant relating to the search of 1931 Forster Street, the affidavit of probable cause relating to the search of Palmer's vehicle, portions of a transcript from the preliminary hearing on April 30, 2002, portions of the Dauphin County Court of Common Pleas criminal docket in Commw. v. Palmer, 1508-cr-2002, Palmer's motion for return of property, and the December 20, 2004 transcript from the hearing before Judge Cherry.

This appeal of the District Court's decision to dismiss the complaint under Rule 12(b)(6) is frivolous because it lacks an arguable basis in law. The District Court properly determined the dates when Palmer's claims accrued,[5] and properly applied the

---

[5] In Gibson v. Superintendent, N.J. Dep't of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005), cert. denied, 547 U.S. 1035 (2006), we addressed whether the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), applied to Fourth Amendment claims, and we approved of a fact-based inquiry into whether the particular claim implied the invalidity of the underlying conviction. Id. at 447-451. Here, Palmer's Fourth Amendment claim concerning the warrantless towing of his car, if successful, would not have the effect of rendering his criminal convictions invalid because no contraband was found in his car. Id. at 451. His convictions were based on evidence seized from his pants. To the extent that Palmer intended the instant civil rights action to include a Fourth Amendment challenge to the search of his pants, said challenge is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success on such a claim would necessarily imply the invalidity of his convictions, which have never been invalidated. Heck holds that a prisoner's civil rights suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. 512 U.S. at 486-87.

8

governing law in concluding that his federal constitutional causes of action were barred by the two-year statutes of limitation applicable to torts. See 42 Pa. Cons. Stat. Ann. § 5524(2), (7). See also Wilson v. Garcia, 471 U.S. 261 (1985) (state statute of limitation applies to actions under 42 U.S.C. § 1983). The common law defamation action was barred by the one-year statute of limitation, 42 Pa. Cons. Stat. Ann. § 5523(1), and the common law causes of action for trespass, conversion, and intentional infliction of emotional distress all were barred by two-year statutes of limitation, 42 Pa. Cons. Stat. Ann. § 5524(2), (3), (7). The discovery rule does not apply in Palmer's case, because the alleged injuries and the causes thereof were immediately ascertainable, and the tardy discovery of the legal basis of his claim does not warrant application of the rule. Cf. Matthews v. Kidder, Peabody & Co., 260 F.3d 239, 257 n.26 (3d Cir. 2001) (ignorance of legal elements of claim immaterial to equitable tolling analysis). Monell bars the action against the City of Harrisburg, and the District Court properly exercised its discretion to deny the motion to amend the complaint because any amendment would have been futile in view of the timeliness problem, see Foman v. Davis, 371 U.S. 178, 182 (1962).

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The appellees' joint motion for summary action is denied as moot.